U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUL 19 2004

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE- OPELOUSAS

LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION – WEST,

    Plaintiff,

v.                                   Civil Action No. CV04-1490 L-O

COLONEL PETER J. ROWAN, New Orleans District,
UNITED STATES ARMY CORPS OF
ENGINEERS and LES BROWNLEE, ACTING
SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE ARMY, in his
official capacity as Secretary of the Army,

    Defendant.

JUDGE HAIK

MAGISTRATE JUDGE HILL

---

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

---

**I.**    **Preliminary Statement**

1. This is an action for declaratory judgment and injunctive relief challenging the actions of the Defendant in approving actions in the Buffalo Cove Management Unit in the Atchafaylaya Basin. This project was approved without the Defendants' preparing an Environmental Impact Statement ("EIS") or an adequate Environmental Assessment ("EA") under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, and NEPA's implementing regulations.

**II.**    **Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over the claims set forth in this complaint,

1

by virtue of NEPA, and pursuant to 28 U.S.C. § 1331 (federal question) and § 1361 (mandamus) and may issue a preliminary injunction and further relief pursuant to 28 U.S.C. § 2201 (declaratory relief) and § 2202 (injunctive relief). Plaintiffs allege this Court has jurisdiction of the claims presented in the Complaint by invocation of the Administrative Procedure Act. In particular, Plaintiffs allege that the Administrative Procedure Act gives this Court jurisdiction to hear the claims in Plaintiffs' Complaint. 5 U.S.C. §§ 551-596, 601-612 and 701-706. As a basis therefore, Plaintiffs allege that all actions challenged in the Complaint are final actions for purposes of review and that the Defendants are taking action that is arbitrary and capricious, that is an abuse of discretion and that is not in accordance with law. Plaintiffs have fully availed themselves of all available agency appeal procedures, and there are no further means for the Plaintiffs to appeal this agency action within the agency or its procedures, and the decisions challenged herein are final agency actions. There is a present and actual controversy between the parties.

3. This Court has venue as the subject matter of this case is in the Western District of Louisiana; Buffalo Cove Management Unit is located in St. Martin, St. Mary and Iberia Parishes.

### III. Parties

4. Louisiana Crawfish Producers' Association – West, is interested in the outcome of the act and in the subject matter thereof because its members rely on the state's waters for their income and are dedicated to protecting and restoring the quality of the environment in Louisiana. The Louisiana Crawfish Producers' Association – West has members whose business, recreational, aesthetic and/or environmental interests have been, are being, and will be adversely

affected by the Defendants' actions as set forth herein. They bring this action on behalf of themselves and their members. Members of the Louisiana Crawfish Producers' Association – West are interested in the fisheries and wildlife contained in the Buffalo Cove area. The Louisiana Crawfish Producers' Association – West has suffered actual and/or threatened injury as a result of the actions of the Defendants as described herein; their injury can clearly can be traced to the Defendants' actions; and the injury is likely to redressed by the relief requested.[1]

5. The members of the Plaintiff group use and enjoy the Basin, particularly the Buffalo Cove Management Area, and they have taken particular and individual interest in the study and recovery of the natural ecosystems of the Atchafaylaya Basin. Members of the plaintiff group regularly use the Basin for their livelihood – commercial fishing. Members recreate in the Basin, including the area that is the subject of this lawsuit, and they enjoy the biological diversity, commercial viability, continuity and harmony of the natural ecosystems of the Basin. Plaintiff members have meetings about Buffalo Cove, attend public hearings about Buffalo Cove, submit comments about the water quality and biological resources of Buffalo Cove and the Basin in general. Devoting much of their personal and professional time to commercial fishing and protecting the water and biodiversity of the area, Plaintiff members are personally concerned about the plight of Buffalo Cove and the destruction of any part of it through improper and illegal project decisions that destroy the native ecosystem. Plaintiff members have fished, canoed, hiked, camped, and hunted and otherwise enjoyed the commercial, recreational and aesthetic resources of the area that is the subject of this project. Plaintiff members are concerned with the proper

---

[1] See Exhibit 1 – Declaration of Mike Bienvenue; Exhibit 2 – Declaration of Harold Schoeffler.

administration of statutes and regulations designed to protect public lands and public waters and the public interest. The dredging and blocking and cutting of these areas without compliance with the law causes and will cause substantial injury to Plaintiffs' use and enjoyment of the Buffalo Cove area and will significantly harm their commercial and aesthetic enjoyment and recreational use of Buffalo Cove. Plaintiffs have used and enjoyed the areas that are the subject of this lawsuit and plan to use them in the future.

6. Defendant Peter J. Rowan, in his official capacity, is the Colonel responsible for administering Corps activities in the New Orleans District of the Corps of Engineers. Buffalo Cove is within the New Orleans District. Colonel Rowan maintains an office in New Orleans, Louisiana, and is the line officer responsible for implementing the Buffalo Cove project.

7. Defendant United States Army Corps of Engineers is the agency of the United States Government that has the authority to administer the Buffalo Cove area. The United States Army Corps of Engineers maintains offices at the national, regional, forest and district levels. The national headquarters is located at 441 G. Street, NW, Washington, DC 20314.

8. Defendant Les Brownlee is Acting Secretary of the Army and the highest ranking officer.

## IV. STATUTORY AND REGULATORY BACKGROUND

9. Congress enacted NEPA to "promote efforts which will prevent or eliminate damage to the environment." 42 U.S.C. § 4331. To fulfill this stated goal, NEPA requires federal agencies to analyze the environmental impacts of a particular action before proceeding with that action. Id. § 4332(2)(C). In addition, federal agencies must notify the public of its proposed projects and

allow the public to comment on the fully-disclosed environmental impacts of a proposed action.

10. The cornerstone of NEPA is the environmental impact statement ("EIS") that federal agencies must prepare and circulate for public review and comment. An EIS is required for all "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1501.4.

11. Federal agencies must prepare an EIS prior to initiating any major federal action so that the environmental impacts can be considered and disclosed to the public during the decision-making process. 40 C.F.R. §§ 1501.2, 1502.5. In this document, the federal agency must identify direct, indirect, and cumulative impacts of the proposed action, consider alternative actions and their impacts, and identify all irreversible and irretrievable commitments of resources associated with the action. 42 U.S.C. § 4332(2). This requirement is commonly referred to as the agency's duty to take a "hard look" at the environmental impacts of its proposed action.

12. The federal agency must also identify and evaluate the effectiveness and feasibility of any mitigation measures adopted to alleviate identified impacts from the proposed action. 40 C.F.R. §§ 1502.14(f), 1502.16(h).

V.   **General Allegations**

13. The Buffalo Cove project was documented in the 2003 Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") signed by Colonel Peter J. Rowan on March 15, 2004.

14. The project proposes to close certain canals, construct sediment traps, cut trees, place gaps in embankments, conduct dredging activities, and associated actions. All actions are

designed to improve interior circulation within the swamp.

15. At no time have the Defendants ever prepared an Environmental Impact Statement (EIS) under NEPA identifying and considering the environmental impacts of this project or its indirect and cumulative impacts with future proposed projects in the Atchafaylaya Basin. A 1982 Environmental Impact Statement and feasibility was issued by the Corps for the Atchafaylaya Basin Floodway System. The Defendants did prepare an Environmental Assessment (EA) for this project – the Buffalo Cove Management Area – but the EA did not consider a reasonable range of alternatives or the indirect and cumulative impacts of future projects or the changes in the Basin since 1982. That EA also failed to consider impacts to the commercial viability of the project area and the Basin.

16. The Corps prepared the EA without any cumulative impacts analysis. This was a "cook book," "boiler plate" EA that totally failed to comply with NEPA and its implementing regulations.

17. The decision to conduct this project was done without any accurate and correct site-specific information, as required by NEPA. The analysis in this project lacked site-specific data on soils, water quality, sedimentation, wildlife, sensitive species, and a host of other impacts.

18. The EA lacks adequate site-specific information on sensitive, threatened and endangered species. There are a number of rare and sensitive species that could be impacted by this sale. The Defendants gave inadequate consideration to these species and had insufficient population data on them.

19. This EA failed to consider a reasonable range of alternatives, as required by NEPA. The EA failed to consider an alternative that considered opening up the natural bayous to

facilitate water flow.

20. This decision may allow the cutting of timber and the dredging of waterways during nesting season for migratory birds, but the Defendants failed to adequately consider those impacts to nesting birds or to take appropriate measures to prevent them.

21. The Buffalo Cove area is a major commercial fishing resource. Yet, the impacts to commercial fishermen and to the area's unique resources from this proposal were never identified or considered by the Defendants in their EA.

VI.  **Claims For Relief**

**COUNT I: FAILURE TO COMPLY WITH NEPA BY SEGMENTING ENVIRONMENTAL ANALYSIS FAILING TO GIVE 'HARD LOOK'**

22. Plaintiffs reallege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

23. Defendants have segmented proposals into two or more different projects in violation of NEPA. It is unlawful under NEPA to segment a program or a large proposal into smaller segments that themselves do not, allegedly, cause significant impacts so as to evade NEPA review on the entire project. It is also improper to defer environmental analysis until later, after the decision to implement the project is made. The whole point of NEPA is to inform the decision-maker and the public of the possible environmental impacts of a program before the action, or any part of it, is implemented. 40 C.F.R. §1500.1(b).

24. The Corps has communicated to the Plaintiffs in private and at public meetings that once the Buffalo Cove project goes forward the Corps will begin implementing other similar

projects in the Basin similar to Buffalo Cove. Specifically, the Beau Bayou project is in the planning stages and is located adjacent to Buffalo Cove and will complement the work to be done in project at issue in the current cause.

25. The Buffalo Cove project is undeniably an "interdependent part" of the overall effort by the Corps to make improvements in the Basin. The Buffalo Cove project and the Beau Bayou project are "links in the same bit of chain" such that NEPA requires that the Defendants identify and consider the direct, indirect and cumulative impacts of the entire program before they can authorize each individual action. The Defendants did not do so.

### COUNT II: SIGNIFICANT IMPACTS TO KEY COMMERCIAL RESOURCES, FAILURE TO MONITOR AND PROVIDE MITIGATION, AND FAILURE TO PREPARE AN EIS.

26. Plaintiffs reallege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

27. NEPA requires all federal agencies to prepare environmental impact statements (EIS) on "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C).

28. The project documents do not contain sufficient evidence and analyses to support the findings in the FONSI. Mitigation measures and how they will actually be used on the ground with site-specific details are required in any EA; otherwise, mitigation cannot be used as a reason for a finding of "no significant impacts." Merely listing mitigation measures without site-specific discussion of how they will be really used is not compliance with NEPA. Even if an EIS was not required, mitigation and monitoring are required in order to justify a Finding of No

Significant Impact (FONSI).

29. The size of the cuts authorized, the location of the cuts, and the lack of adequate direct, indirect, and cumulative impacts analysis requires the preparation of an EIS.

### COUNT III: INADEQUATE RANGE OF ALTERNATIVES.

30. Plaintiffs reallege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

31. NEPA, at 42 U.S.C. § 4332(2)(E), requires agencies to study, develop, and describe reasonable alternatives to a proposed action. The Defendants did not consider a reasonable range of alternatives and are thus not in compliance with the NFMA and NEPA.

32. The project documents' analysis of the possible adverse effects of the project on certain Basin attributes is cursory, conclusory, and without sufficient factual basis. The documents also fail to analyze in good faith the environmental benefits of the "no action" alternative. The Defendants examined in detail just one action alternatives for this project. The examined alternatives did not reflect the range of controversy or the range of possible operations associated with the proposal.

33. Other viable alternatives that meet the purpose and need for the action were not considered. Relevant issues and concerns identified by the public, such as opening natural bayous, which is simply a reiteration of the what other Corps' documents and employees have supported. And yet, the Corps' ignored this suggestion even though reasonable. An agency does not have to examine every conceivable alternative to a project involving the environment, but only those that are reasonable. *Friends of the Earth v. Coleman*, 513 F.2d 295 (9th Cir. 1975).

See, also, *Cummington Preservation Committee v. Federal Aviation Administration*, 524 F.2d 241 (1st Cir. 1985).

### COUNT IV: FAILURE TO CONSIDER DIRECT, INDIRECT, AND CUMULATIVE IMPACTS

34. Plaintiffs reallege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

35. The EA clearly fails to take the required hard look at the consequences of the proposed action, as required by NEPA. It fails to take a hard look at the cumulative impacts of known past, present and likely future actions; it fails to take a hard look at the impacts on the Atchafalaya River, bayous, soils, commercial productivity, the public health, water and water quality, wildlife, recreation, vegetation, and the economics or net public benefits of the proposal.

36. In order to take the requisite hard look the agency must have high quality information reflecting accurate scientific analysis and expert agency comments which the public can scrutinize. 40 C.F.R. § 1500.1(b). The EA and FONSI for the Buffalo Cove project indicate a paucity of data, much less high quality, accurate, scientific data. Without the data the analysis cannot possibly be sufficient to meet the requirements of NEPA. Without the data, citizens cannot comment on the project.

37. NEPA requires the Defendants to consider the "cumulative impacts" of a proposed project. NEPA requires the agency to analyze the cumulative effects. The decision documents fail in this respect and clearly do not present a proper cumulative impacts analysis. Plaintiffs repeatedly pointed out this defect and yet the agency has failed to heed our notice and complaint.

38. NEPA clearly requires the EA to analyze the cumulative effects and to "Express the

effects in terms of changes that would occur in the physical (land, water, air), biological (plants and animals), economic (money passing through society), and social (the way people live) components of the human environment" 42 U.S.C. § 4332. The EA for the Buffalo Cove project is defective in this respect.

39. The EA does not even consider the most basic and obvious cumulative effects which have been brought to their attention by Plaintiffs. The most blatant omission is the failure to discuss the cumulative effects of the future water control projects in the area. The EA also fails to properly discuss the cumulative impacts of the activities planned just in the project area as evidenced by the lack of maps. There is absolutely no discussion of the cumulative impacts of dredging, cutting and closing of canals and bayous, recreation (availability of and economics of), soils, water, and/or the public health.

## VII. Prayer For Relief

Plaintiffs respectfully request that the Court:

40. Vacate the U.S. Army Corps of Engineers Finding of No Significant Impact without conducting an Environmental Impact Statement and the requisite "hard look" required by the National Environmental Policy Act;

41. Determine and declare that the Defendants have violated the National Environmental Policy Act, the Administrative Procedure Act and those statutes' implementing regulations;

42. Enjoin the Defendants and order that they not implement this decision to conduct this project until such time as the Defendants comply fully with NEPA and the APA and their implementing regulations;

43. Order the Corps to perform an EIS for the Buffalo Cove project;

44. Award Plaintiffs' costs (including reasonable attorney, witness and consultant fees) under the Equal Access to Justice Act; under Rule 54, Fed.R.Civ.P., and/or under any other statutory authority of the Court, and such other relief as the Court may deem just and proper; and

45. Award such other relief as this Court deems appropriate, just and proper.

> Leigh Haynie,
> Attorney for the Plaintiff

OF COUNSEL:
Leigh Haynie
1009 Kidder Road
Carencro, LA 70520
(337)886-9145

STATE OF LOUISIANA

PARISH OF LAFAYETTE

## VERIFICATION OF COMPLAINT

Personally before the undersigned notary public of said state and parish, duly authorized by law to administer oaths therein, appeared Leigh Haynie, who being duly sworn deposes, says and verifies that the facts set forth in the foregoing Complaint are true, to the best of her knowledge.

_____
Leigh Haynie,
Attorney for Plaintiff

Sworn to and subscribed before me this 19th day of July, 2004.

_____
Notary Public

Tiffany M. Comeaux
Printed Name/Number

# EXHIBIT 1

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

**LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION – WEST, et al.**

    **Plaintiffs,**

v.

                              **MIKE BIENVENU DECLARATION**

**UNITED STATES ARMY CORPS OF
ENGINEERS and THOMAS E. WHITE,**    **Civil Action No.**
**SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE ARMY, in his
official capacity as Secretary of the Army,**

    **Defendants,**

I, Mike Bienvenu, declare as follows:

1. I state the following under penalty of perjury under the laws of the United States and the State of Louisiana. I declare the following from personal knowledge and am competent to testify thereto in court if necessary.

2. My address is 1021 Vicknair Road St. Martinville, LA 70582. I am a citizen of the United States and a resident of Louisiana.

3. As detailed below, I have many interests which are, or which may be, adversely and significantly affected by the Corps' of Engineers violations of the National Environmental Policy Act. I am a commercial fisherman and an outdoorsman, and I frequently use, visit and enjoy the Buffalo Cove area for my livelihood. I have enjoyed the Buffalo Cove area, the subject of this lawsuit and the area planned for dredging by the Corps, and plan to return. I value the

1

ecosystem, beauty and wildlife populations. I value using this area for commercial, recreational, and social purposes. I am concerned that these natural resources, and my ability to enjoy them and to make a living, will be damaged if the Corps continues violating the National Environmental Policy Act. The actions proposed by the Corps will significantly diminish my enjoyment and my ability to make a living off the Buffalo Cove area. If the actions are not implemented, then I will continue to use the Buffalo Cove area.

   4. I have fished in this area for over twenty years to support myself and my family.

   5. If a court would order the Corps to comply with the National Environmental Policy Act, then the negative effects to the Buffalo Cove area could be lessened and my injuries would be redressed. A court could order the Corps to stop dredging, closing access points, and logging in this area. A court's order to the Corps to comply with the National Environmental Policy Act could fix the injuries I suffer from the avoidance of these laws.

   6. I have been active with Louisiana Crawfish Producers' Association – West since 19 84. I am currently the President.

   I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 17th day of July 2004.

                                                                 _____
                                                                 Mike Bienvenu

# EXHIBIT 2

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

**LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION – WEST,**

    **Plaintiffs,**

v.

                                  **HAROLD SCHOEFFLER
                                  DECLARATION**

**UNITED STATES ARMY CORPS OF
ENGINEERS and THOMAS E. WHITE,**    **Civil Action No.**
**SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE ARMY, in his
official capacity as Secretary of the Army,**

    **Defendants,**

I, Harold Schoeffler, declare as follows:

1. I state the following under penalty of perjury under the laws of the United States and the State of Louisiana. I declare the following from personal knowledge and am competent to testify thereto in court if necessary.

2. My address is 3502 East Simcoe, Lafayette, LA 70501. I am a citizen of the United States and a resident of Louisiana.

3. As detailed below, I have many interests which are, or which may be, adversely affected by the Corps' of Engineers violations of the National Environmental Policy Act. I am a recreational fisherman and an outdoorsman, and I frequently use, visit and enjoy the Buffalo Cove area for my enjoyment. I have enjoyed the Buffalo Cove area, the subject of this lawsuit

1

and the area planned for dredging by the Corps, and plan to return. I value the ecosystem, beauty and wildlife populations. I value using this area for recreational and social purposes. I am concerned that these natural resources, and my ability to enjoy them, will be damaged if the Corps continues violating the National Environmental Policy Act. The actions proposed by the Corps will significantly diminish my enjoyment of the Buffalo Cove area. If the actions are not implemented, then I will continue to use the Buffalo Cove area.

4. I have fished in this area for over thirty years.

5. If a court would order the Corps to comply with the National Environmental Policy Act, then impacts to the Buffalo Cove area and the public interest in the Basin could be lessened and my injuries would be redressed. A court could order the Corps to stop dredging, closing access points, and logging in this area. A court's order to the Corps to comply with the National Environmental Policy Act could fix the injuries I suffer from the avoidance of these laws.

6. I have been active with Louisiana Crawfish Producers' Association – West since 200_1_.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the __17__ day of July 2004.

Harold Schoeffler

RECEIVED

JUL 1 9 2004

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# Leigh Haynie

Attorney-at-Law
1009 Kidder Road
Carencro, LA 70520
(337)886-9145 (phone and fax)
envirolah@earthlink.net

---

July 19, 2004

**VIA HAND-DELIVERY**
United States District Court for the Western District of Louisiana
Clerk of Court
2100 John Shaw Courthouse
800 Lafayette St.
Lafayette, LA 70501

*Re:   Louisiana Crawfish Producers Association – West v. Colonel Peter J. Rowan, et al*

Dear Clerk:

Please find the following documents for filing in the abovementioned matter:

- A Civil Cover Sheet (an original and one copy);
- Complaint (an original and one copy);
- Two Exhibits;
- Seven Summons;
- Notice of Availability States Magistrate Judge to Exercise Jurisdiction;
- Corporate Disclosure Statement; and
- Filing in the amount of $150.00.

Please provide a receipt for the filing and a copy of the Complaint for my records. Thank you for your time and attention in this matter. Do not hesitate to contact me if you have any questions or concerns.

Sincerely,

Leigh Haynie,
Attorney for the Plaintiff

Enclosures

cc: Mike Bienvenu